ARTHUR HARRY WARNER v. MARY MATILDA WARNER

(*January* 16, 1962.)

CHRISTIE, J., sitting.

*Joseph H. Flanzer* for plaintiff.

Superior Court for New Castle County, No. 1598, C. A., 1961.

CHRISTIE, J.:

Arthur Harry Warner seeks an annulment of his marriage to Mary Warner on the ground that she had a living spouse at the time of the marriage. This is a valid ground for annulment under Delaware statute and either party may seek such annulment. 13 *Del. C.* § 1551(3). The following are the pertinent facts:

(1) On March 23, 1946, Mary married George E. Garvine.

(2) On February 3, 1950, Mary married Elmer C. Staats, Jr.

(3) On February 4, 1950, Mary obtained a final decree of divorce from George E. Garvine from this Court.

(4) On December 8, 1952, Mary married Arthur Harry Warner, plaintiff in this action.

(5) On March 26, 1953, Mary had her marriage to Elmer C. Staats, Jr., annulled by this Court on the ground that she had a living undivorced husband at the time of her marriage to Staats.

(6) On October 1, 1960, Mary deserted plaintiff.

Can the existence of the void marriage to Staats form the sole basis for an annulment of the subsequent marriage to Warner?

The following statement in the *American Jurisprudence* discussion of annulment states the law on the subject:

"A void marriage imposes no legal restraint upon the party imposed upon, from contracting another. However, proper and prudent, therefore, it may be that a party to a void marriage should not remarry until the invalidity of the purported marriage becomes a matter of general knowledge or has been pronounced by a court, the law imposes no restraint in this regard. The innocent participant in a bigamous marriage may legally marry another without waiting for the dissolution of the bigamous union either by death or divorce, and indeed, the guilty party to a bigamous marriage may, after the dissolution of his first marriage, legally contract a third marriage. In other words, a marriage is not void by reason of a previous void marriage, although there has been no sentence of nullity of the previous void marriage, and a judicial invalidation of marriage at any time, for the bigamy of a party to it, relates back to the time of the marriage and places the one deceived in a free condition to marry again, or to do any other act as an unmarried woman, without any sentence of the nullity of the marriage." (35 *Am. Jur.* Marriage § 156.)

 An annulment decree is not interpreted as voiding a marriage *ab initio* for all purposes. In *Gaines v. Jacobsen,* 308 *N. Y.* 218, 124 *N. E.* 2d 290, 48 *A. L. R.* 2d 312 (1954), the New York Court of Appeals, in a different fact situation, stated that the relation-back theory as to annulments is a fiction which is sometimes ignored for the "purposes of justice". The cases in which the relation-back theory is ignored deal with children, support or property and not with the basic legal status of the parties to the void marriage.

 In connection with the marital status of the parties an annulment decree is a judicial declaration that the marriage never had a legal existence. A marriage subject to such a decree was void *ab initio* and is treated as if it had never existed. 35 *Am. Jur.* Marriage § 83; Keezer, *Marriage and Divorce* (3d ed., Norland, 1946). I conclude that plaintiff in this action has no basis for annulment on the ground that Mary had a living, undivorced husband in the person of Elmer C. Staats, Jr., since her marriage to Staats was void.

The Court must deny the petition.